IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

DENIS SULTANOV,                                )
                                               )
                    Petitioner,                )
                                               )
v.                                             )    Case No. CIV-26-00108-JD
                                               )
TODD M. LYONS, Acting Director, U.S.           )
Immigration and Customs Enforcement            )
(ICE), et al.                                  )
                                               )
                    Respondents.               )

## ORDER

The Court has reviewed the Petition for a Writ of Habeas Corpus ("Petition") filed

by Mr. Denis Sultanov ("Sultanov"). [Doc. No. 1]. Upon review, the Court sua sponte

DISMISSES  the Petition for failure to comply with Rule 2(c) of the Rules Governing 28

U.S.C. § 2254 Cases.[1] Within 14 days of this order, Petitioner may file an amended

petition to cure the defects described below.

## DISCUSSION

Rule 2(c) of the Rules Governing 28 U.S.C. § 2254 Cases states in relevant part

that "[t]he petition must," among other things, "specify all the grounds for relief available

to the petitioner," and "state the facts supporting each ground." Here, the Petition (1)

lacks clear headings describing the grounds for relief; (2) fails to state sufficient facts

---

[1] The Court may apply the Rules Governing 28 U.S.C. § 2254 Cases to habeas petitions arising under 28 U.S.C. § 2241. *See* Rule 1(b) of the Rules Governing Section 2254 Cases; *Boutwell v. Keating*, 399 F.3d 1203, 1210 n.2 (10th Cir. 2005) (confirming that a district court "acted within its discretion by applying the Section 2254 Rules to this § 2241 petition" and citing Rule 1(b)).

regarding Petitioner's asylum claims; and (3) contains numerous internal factual inconsistencies and contradictions.

Regarding grounds for relief, the Petition starts by reciting case law on due process protections and attempting arguments on that topic. Petition ¶¶ 18–29. Then, without explanation, the Petition briefly hints at a facial constitutional challenge to immigration policies of the Executive, *id.* ¶ 30, followed immediately by a discussion of statutory frameworks and district court cases concerning immigration removal proceedings, *id.* ¶¶ 31–34. Rather than providing relevant factual details to connect Petitioner's situation to the legal rules recited, the Petition simply states that "the facts of this case are *identical* to the matters referenced above." *Id.* ¶ 35 (emphasis added). This manner of unstructured, conclusory, and vague pleading does not allow the Court to identify the relevant facts and legal frameworks implicated by the Petition.[2]

As to factual inconsistencies, the Petition states that Petitioner "entered the US on or about January 10, 2024." *Id.* ¶ 9. It also says Petitioner "crossed the Border on or about May 25, 2023." *Id.* ¶ 21. The Petition represents that "[a]t all relevant times Petitioner resided in Brookline, MA," *id.* ¶ 10, while later asserting Petitioner "has continuously lived in the US/New York since the time he crossed the Border," *id.* ¶ 21. These are mutually exclusive assertions.

---

[2] As an example, the paucity of details on the statutory predicate and outcome of Petitioner's asylum application—combined with the Petition's lack of headings specifying grounds for relief—give too vague an account of what might be at issue in this case (*e.g.*, 8 U.S.C. § 1225(b)(1)(A) versus § 1158).

These defects prevent the Court from understanding what happened and why Petitioner might be entitled to habeas relief. Still, these are solvable problems—and the Tenth Circuit counsels granting leave to amend where a party "can correct the defect in the pleading or state a claim for relief." *Brever v. Rockwell Int'l Corp.*, 40 F.3d 1119, 1131 (10th Cir. 1994) (quoting 6 *Wright & Miller's Federal Practice & Procedure* § 1483 (2d ed. 1990)); *see also Foman v. Davis*, 371 U.S. 178, 182 (1962) ("If the underlying facts or circumstances . . . may be a proper subject of relief, he ought to be afforded an opportunity to test his claim on the merits."). By the nature of the action, there is no prejudice to the Respondents; and the Court sees no indication of "undue delay, bad faith or dilatory motive." *Foman*, 371 U.S. at 182. The Court will grant leave to amend.

**<u>CONCLUSION</u>**

For these reasons, the Court DISMISSES Petitioner's Petition [Doc. No. 1] with leave to amend. Petitioner may file an amended petition within **14 days** of this order or by **February 9, 2026**. If no amended petition is filed, the Court will dismiss this action without prejudice.

IT IS SO ORDERED this 26th day of January 2026.

JODI W. DISHMAN
UNITED STATES DISTRICT JUDGE

3
